**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

VALDEPHARM SA,

                Plaintiff,

   -v-

TELIGENT, INC.,

               Defendant.

Civil Action No.:

## COMPLAINT

Plaintiff Valdepharm SA ("Valdepharm"), brings this action against Defendant Teligent, Inc. ("Teligent"), and alleges the following:

## INTRODUCTION

1. Teligent is knowingly and intentionally withholding €1,006,619.02 plus accruing interest that Teligent is obligated to pay Valdepharm under the parties' multiple agreements relating to the development and production of pharmaceuticals.

2. Valdepharm brings this action against Teligent for breach of contract, fraudulent inducement, negligent inducement, breach of implied contract, promissory estoppel, and quantum meruit.

## PARTIES, JURISDICTION, AND VENUE

3.     Valdepharm is a French company whose principal place of business is in Val-de-Reuil, France.

4.     Teligent is a corporation organized under the laws of New Jersey, with its principal place of business at 33 South Wood Ave, Suite 730, Iselin, New Jersey 08830.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Complete diversity of citizenship exists between the parties, and the matters in controversy exceed $75,000.

6.     This Court may exercise personal jurisdiction over Teligent because it engages in systematic and continuous activities in New Jersey, is registered with the State Corporation Commission to transact business in New Jersey, and has identified a registered agent in New Jersey.

7.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

8.     Teligent markets itself as a developer, manufacturer, and marketer of pharmaceutical products in the United States and Canada.

9.     Valdepharm engages in the research, development, marketing, and manufacture of pharmaceuticals.

**Phytonadione Project**

10.    On or about January 26, 2016, Valdepharm made a commercial offer to Teligent for the research, design, development, and production of an injectable solution for phytonadione, a man-made form of vitamin K (the "Phytonadione project").  Teligent accepted and countersigned Valdepharm's offer, a true and correct copy of which is attached hereto as **Exhibit A** and its terms are incorporated herein.

11.    Beginning in March 2016, Valdepharm initiated all key tasks of the Phytonadione project, including purchasing of primary packaging items and dedicated mechanical parts, among other tasks.

12.    On or about April 21, 2016, Valdepharm sent an updated commercial offer to Teligent at its request, which included new analytical processes related to the Phytonadione project.  Teligent accepted and executed this updated offer, a true and correct copy of which is attached hereto as **Exhibit B** and its terms are incorporated herein.

13.    The January and April 2016 commercial offers relating to the Phytonadione project that were executed by Teligent are referred to herein as the "Phytonadione Commercial Offers."

14.    In June 2016, Valdepharm began producing the first lab scale batch of Phytonadione as required under the Phytonadione Commercial Offers.

15.     On June 30, 2016, Teligent paid Valdepharm €114,000.00 relating to the Phytonadione Commercial Offers, including project management fees, costs for capital expenditures, and filter validation.  A true and correct copy of the June 30, 2016 paid invoice is attached hereto as **Exhibit C** and its terms are incorporated herein.

16.     Throughout production of the first batch of Phytonadione, Valdepharm and Teligent continued to collaborate regarding the production timeline and process.

17.     On December 26, 2016, Teligent paid Valdepharm €35,000 and €26,550, respectively, for work done pursuant to the Phytonadione Commercial Offers, including project management fees, raw materials, and a bag study.  True and correct copies of the December 26, 2016 paid invoices are attached hereto as **Exhibits D and E** and their terms are incorporated herein.

18.     As is typical in the testing and development of pharmaceuticals, Valdepharm, in consultation with Teligent, modified the research, development, and production schedule several times throughout 2016 and into early 2017. Teligent agreed to these schedule modifications.

19.     Throughout 2017, Valdepharm continued to produce exhibit batches of Phytonadione per the terms of the Phytonadione Commercial Offers.

20.    On April 28, 2017, Teligent paid Valdepharm €47,550.00 for analytical activities done pursuant to the Phytonadione Commercial Offers.  A true and correct copy of the April 28, 2017 paid invoice is attached hereto as **Exhibit F** and its terms are incorporated herein.

21.    Teligent subsequently agree to pay Valdepharm for two additional studies related to the research, development, and production of Phytonadione, which were memorialized in commercial offers executed by Teligent and dated on or about June 9, 2017 and June 23, 2017 (the "June 2017 Research Commercial Offers").  True and correct copies of the executed June 2017 Research Commercial Offers are attached hereto as **Exhibits G and H**, respectively, and their respective terms are incorporated herein.

22.    On July 19, 2017, Valdepharm submitted an invoice to Teligent in the amount of €138,600.00 for work done on three engineering batches of Phytonadione created pursuant to the 2016 Phytonadione Commercial Offers.  That invoice was never paid by Teligent.  A true and correct copy of the July 19, 2017 unpaid invoice is attached hereto as **Exhibit I** and its terms are incorporated herein.

23.    On July 28, 2017, Valdepharm submitted an invoice to Teligent in the amount of €26,400 for validation work done regarding the substance of the drug pursuant to the 2016 Phytonadione Commercial Offers.  That invoice was never

paid by Teligent.  A true and correct copy of the July 28, 2017 unpaid invoice is attached hereto as **Exhibit J** and its terms are incorporated herein.

24.    Teligent agreed to pay Valdepharm for another study related to the research, development, and production of Phytonadione, which was memorialized in a commercial offer executed by Teligent and dated on or about September 27, 2017 (the "September 2017 Research Commercial Offer").  A true and correct copy of the executed September 2017 Research Commercial Offer is attached hereto as **Exhibit K**, respectively, and its respective terms are incorporated herein.

25.    On September 30, 2017, Valdepharm submitted an invoice to Teligent in the amount of €47,900.00 for work done on three media fill batches of Phytonadione created pursuant to the 2016 Phytonadione Commercial Offers. That invoice was never paid by Teligent.  A true and correct copy of the September 30, 2017 unpaid invoice is attached hereto as **Exhibit L** and its terms are incorporated herein.

26.    Teligent has not tendered payment to Valdepharm for the July 19, 2017 invoice (€138,600.00), the July 28, 2017 invoice (€26,400.00), or the September 30, 2017 invoice (€47,900.00).

27.    Valdepharm expended €281,838.00 related to the acquisition of raw materials, packaging, and services rendered for the Phytonadione project.  True and correct copies of the invoices for the services rendered and inventory obtained

for the Zantac project incurred are attached hereto as **Exhibit M** and their terms are incorporated herein.

28.    Pursuant to the executed Phytonadione Commercial Offers and Teligent's prior payments submitted on June 30, 2016, December 26, 2016, and April 28, 2017, Valdepharm had a reasonable expectation that it would be paid for the services and costs incurred for the Phytonadione project.

29.    Under the terms of the Phytonadione Commercial Offers, the June 2017 Research Commercial Offers, and the September 2017 Research Commercial Offer attached hereto, which were executed and accepted by both Teligent and Valdepharm, Teligent is obligated to pay for those services provided and costs incurred by Valdepharm related to the Phytonadione project.

30.    On or about January 23, 2018, Teligent cancelled the Phytonadione project.

31.    Teligent's cancellation of the Phytonadione project was done in bad faith so as to avoid paying Valdepharm for the expenses that had already been incurred in addition to expected future costs pursuant to the Phytonadione Commercial Offers, the June 2017 Research Commercial Offers, and the September 2017 Research Commercial Offer attached hereto.

32.    Teligent benefitted from the extensive research and development done by Valdepharm on the Phytonadione project.

33.     Ultimately, Teligent has wrongfully withheld €494,738.00 plus interest from Valdepharm that Valdepharm is owed under the terms of the commercial offers and a result of the services rendered and costs incurred by Valdepharm undertaking the Phytonadione project initiated by Teligent.

## Zantac Project

34.     On January 4, 2017, Valdepharm and Teligent executed a commercial offer for the research, design, development, and production of Zantac, a product that helps to treat heartburn (the "Zantac project").  A true and correct copy of the executed January 2017 commercial offer (the "Zantac Commercial Offer") is attached hereto as **Exhibit N** and its terms are incorporated herein.

35.     Under the terms of the Zantac Commercial Offer, Teligent was obligated to pay Valdepharm €100,630.00 within 30 days of the date of the first invoice for the project.  Valdepharm issued an invoice for the Zantac project on or about February 28, 2017.  A true and correct copy of the February 2017 invoice for services rendered for the Zantac project is attached hereto as **Exhibit O** and its terms are incorporated herein.

36.     Teligent has not paid the February 28, 2017 invoice.

37.     On July 19, 2017, Valdepharm submitted an invoice to Teligent in the amount of €184,470.00 for work done pursuant to the Zantac Commercial Offer.  That invoice was never paid by Teligent.  A true and correct copy of the July 19,

2017 unpaid Zantac invoice is attached hereto as **Exhibit P** and its terms are incorporated herein.

38.    On September 30, 2017, Valdepharm submitted an invoice to Teligent in the amount of €25,000.00 for work done pursuant to the Zantac Commercial Offer.  That invoice was never paid by Teligent.  A true and correct copy of the September 30, 2017 unpaid invoice is attached hereto as **Exhibit Q** and its terms are incorporated herein.

39.    Teligent has not paid Valdepharm for the July and September 2017 Zantac invoices, and it does not have an excuse for failing to do so.

40.    Pursuant to the executed Zantac Commercial Offer and Teligent's prior payments submitted for the Zantac project, Valdepharm had a reasonable expectation that it would be paid for the services and costs incurred for both the Zantac project.

41.    Under the terms of the Zantac Commercial Offer attached hereto, executed, and accepted by both Teligent and Valdepharm, Teligent is obligated to pay for those services provided and costs incurred by Valdepharm.

42.    In light of the cancellation of the Phytonadione Project, Valdepharm concluded that Teligent's failure to pay the July and September 2017 Zantac invoices was an anticipatory repudiation of the Zantac Commercial Offer.

Accordingly, Valdepharm ceased performance under the Zantac Commercial Offer in April of 2018.

43.     Teligent's cancellation of the Zantac project was done in bad faith so as to avoid paying Valdepharm for the expenses that had already been incurred for the Zantac project.

44.     Teligent benefitted from the extensive research and development done by Valdepharm on the Zantac project.

45.     Valdepharm expended €200,781.00 related to the acquisition of raw materials, packaging, and services rendered for the Zantac project prior to Teligent's cessation of the project; Teligent refused to remit payments for these expenses.  True and correct copies of the invoices for the services rendered and inventory obtained for the Zantac project incurred are attached hereto as **Exhibit R** and their terms are incorporated herein.

46.     Ultimately, Teligent has wrongfully withheld €511,811.00 plus interest from Valdepharm that Valdepharm is owed under the terms of the commercial offers and a result of the services rendered and costs incurred by Valdepharm undertaking the Zantac project initiated by Teligent.

### COUNT ONE – BREACH OF CONTRACT
### Phytonadione Project

47.     Valdepharm restates and incorporates herein the foregoing allegations.

48.     Teligent accepted the specific and definite terms outlined in the Phytonadione Commercial Offers, June 2017 Research Commercial Offers, and the September 2017 Research Commercial Offer for the Phytonadione project and provided consideration in support thereof.

49.     Under the terms of the executed Phytonadione Commercial Offers, June 2017 Research Commercial Offers, and the September 2017 Research Commercial Offer, Teligent was obligated to pay Valdepharm when invoiced by Valdepharm for services rendered and costs incurred and upon completion of certain milestones. *See* Exhs A, B, G, H, K.

50.     The Phytonadione Commercial Offers, June 2017 Research Commercial Offers, and the September 2017 Research Commercial Offer are valid, enforceable contracts.

51.     Valdepharm performed the services requested by Teligent up and until Teligent unilaterally breached the Phytonadione Commercial Offers, June 2017 Research Commercial Offers, and the September 2017 Research Commercial Offer.

52.     Teligent's refusal to remit the payments discussed, *supra*, constitute a breach of the Phytonadione Commercial Offers, June 2017 Research Commercial Offers, and the September 2017 Research Commercial Offer.

53.     Teligent's breach of the Phytonadione Commercial Offers, June 2017 Research Commercial Offers, and the September 2017 Research Commercial Offer has caused irreparable harm to Valdepharm and has caused Valdepharm to suffer monetary damages no less than the amount of €494,738.00 plus interest.

## COUNT TWO – BREACH OF CONTRACT
## Zantac Project

54.     Valdepharm restates and incorporates herein the foregoing allegations.

55.     Teligent accepted the specific and definite terms outlined in the Zantac Commercial Offer for the Zantac project and provided consideration in support thereof.

56.     Under the terms of the executed Zantac Commercial Offer Teligent was obligated to pay Valdepharm when invoiced by Valdepharm for services rendered and costs incurred and upon completion of certain milestones.  *See* Ex. N.

57.     The Zantac Commercial Offer is a valid, enforceable contract.

58.     Valdepharm performed the services requested by Teligent up and until Teligent unilaterally breached the Zantac Commercial Offer.

59.     Teligent's refusal to remit the payments discussed, *supra*, constitute a breach of the Zantac Commercial Offer.

60.     Teligent's breach of the Zantac Commercial Offer has caused irreparable harm to Valdepharm and has caused Valdepharm to suffer monetary damages no less than the amount of €511,811.00 plus interest.

## COUNT THREE – FRAUDULENT INDUCEMENT
## Phytonadione Project

61.     Valdepharm restates and incorporates herein the foregoing allegations.

62.     In inducing Valdepharm to undertake the Phytonadione project, Teligent materially misrepresented the following facts (collectively, the "misrepresentations"):

> a.     That Teligent knew and/or understood the nature of the research, development, and production required to produce the types of pharmaceuticals at issue with Phytonadione when it executed the Commercial Offers with Valdepharm on January 26, 2016, April 21, 2016, June 9, 2017, June 23, 2017, and September 27, 2017; and

> b.     That in acquiring the Phytonadione portfolio, Teligent also acquired certain important knowledge that would assist in the research, development, and production of the Phytonadione that it would provide the same to Valdepharm.

63.     Teligent knew or should have known that the misrepresentations were false.

64.     Teligent intended for Valdepharm to rely on the misrepresentations.

65.     Valdepharm relied on Teligent's misrepresentations, incurring substantial costs as in the initiated the research, design, development, and production processes for the Phytonadione project.

66.     Teligent fraudulently induced Valdepharm to undertake the Phytonadione project resulting in significant damage to Valdepharm in the amount of €494,738.00, plus interest, for services provided and costs incurred relating to said project.

## COUNT FOUR – FRAUDULENT INDUCEMENT
### Zantac Project

67.     Valdepharm restates and incorporates herein the foregoing allegations.

68.     In inducing Valdepharm to undertake the Zantac project, Teligent materially misrepresented the following facts (collectively, the "misrepresentations"):

  a.  That Teligent knew and/or understood the nature of the research, development, and production required to produce the types of pharmaceuticals at issue with Zantac when it executed the Commercial Offers with Valdepharm on January 4, 2017; and

  b.  That in acquiring the Zantac portfolio, Teligent also acquired certain important knowledge that would assist in the research, development, and production of the Zantac that it would provide the same to Valdepharm.

69.     Teligent knew or should have known that the misrepresentations were false.

70.     Teligent intended for Valdepharm to rely on the misrepresentations.

71.    Valdepharm relied on Teligent's misrepresentations, incurring substantial costs as in the initiated the research, design, development, and production processes for the Zantac project.

72.    Teligent fraudulently induced Valdepharm to undertake the Zantac project resulting in significant damage to Valdepharm in the amount of €511,811.00, plus interest, for services provided and costs incurred relating to said project.

## COUNT FIVE– NEGLIGENT INDUCEMENT
### Phytonadione Project

73.    Valdepharm restates and incorporates herein the foregoing allegations.

74.    In inducing Valdepharm to undertake the Phytonadione project, Teligent negligently misrepresented the following material facts (collectively, the "misrepresentations"):

a.    That Teligent knew and/or understood the nature of the research, development, and production required to produce the types of pharmaceuticals at issue with Phytonadione when it executed the Commercial Offers with Valdepharm on January 26, 2016, April 21, 2016, June 9, 2017, June 23, 2017, and September 27, 2017; and

b.    That in acquiring the Phytonadione portfolio, Teligent also acquired certain important knowledge that would assist in the

research, development, and production of Phytonadione that it would provide to Valdepharm.

75.     Valdepharm reasonably relied on these misrepresentations in agreeing to provide the services listed in the Phytonadione Commercial Offers, June 2017 Research Commercial Offers, and the September 2017 Research Commercial Offer in the timeframe agreed to by the parties.

76.     Teligent knew or should have known that the misrepresentations prompted Valdepharm to participate in the Phytonadione project.

77.     Valdepharm's reliance on the misrepresentations of Teligent resulted in significant damage to Valdepharm in the amount of €494,738.00, plus interest, for services provided and costs incurred by Valdepharm relating to the Phytonadione project.

## COUNT SIX– NEGLIGENT INDUCEMENT
### Zantac Project

78.     Valdepharm restates and incorporates herein the foregoing allegations.

79.     In inducing Valdepharm to undertake the Zantac project, Teligent negligently misrepresented the following material facts (collectively, the "misrepresentations"):

    a. That Teligent knew and/or understood the nature of the research, development, and production required to produce the types of

pharmaceuticals at issue with Zantac when it executed the Commercial Offers with Valdepharm on January 4, 2017; and

b. That in acquiring the Zantac portfolio, Teligent also acquired certain important knowledge that would assist in the research, development, and production of Zantac that it would provide to Valdepharm.

80. Valdepharm reasonably relied on these misrepresentations in agreeing to provide the services listed in the Zantac Commercial Offer in the timeframe agreed to by the parties.

81. Teligent knew or should have known that the misrepresentations prompted Valdepharm to participate in the Zantac project.

82. Valdepharm's reliance on the misrepresentations of Teligent resulted in significant damage to Valdepharm in the amount of €511,811.00, plus interest, for services provided and costs incurred by Valdepharm relating to the Zantac project.

## COUNT SEVEN – BREACH OF IMPLIED CONTRACT
## Phytonadione Project (Alternatively Pleaded to Count One)

83. Valdepharm restates and incorporates herein the foregoing allegations.

84. Teligent indicated to Valdepharm by a course of conduct, dealings, and the circumstances surrounding the relationship, that Teligent would pay for services provided relating to the Phytonadione project including costs incurred.

85.    Teligent knew or should have known that Valdepharm was performing the services requested for the Phytonadione project with the expectation that Teligent would pay Valdepharm as agreed upon in the course of the relationship between Valdepharm and Teligent.

86.    Despite indicating to Valdepharm by a course of conduct, dealings, and the circumstances surrounding the relationship that Teligent would for services provided related to the Phytonadione project, including costs incurred, Teligent failed to remit payments when so requested.

87.    Teligent's failure to pay for the reasonable value of services provided for the Phytonadione project constitutes a breach of implied contract between Valdepharm and Teligent.

88.    As a result of this breach, Valdepharm has suffered monetary damages no less than the amount of €494,738.00 plus interest.

## COUNT EIGHT – BREACH OF IMPLIED CONTRACT
## Zantac Project (Alternatively Pleaded to Count Two)

89.    Valdepharm restates and incorporates herein the foregoing allegations.

90.    Teligent indicated to Valdepharm by a course of conduct, dealings, and the circumstances surrounding the relationship, that Teligent would pay for services provided relating to the Zantac project including costs incurred.

91.    Teligent knew or should have known that Valdepharm was performing the services requested for the Zantac project with the expectation that

Teligent would pay Valdepharm as agreed upon in the course of the relationship between Valdepharm and Teligent.

92.     Despite indicating to Valdepharm by a course of conduct, dealings, and the circumstances surrounding the relationship that Teligent would for services provided related to the Zantac project, including costs incurred, Teligent failed to remit payments when so requested.

93.     Teligent's failure to pay for the reasonable value of services provided for the Zantac project constitutes a breach of implied contract between Valdepharm and Teligent.

94.     As a result of this breach, Valdepharm has suffered monetary damages no less than the amount of €511,811.00 plus interest.

## COUNT NINE – PROMISSORY ESTOPPEL
### Phytonadione Project (Alternatively Pleaded to Count One)

95.     Valdepharm restates and incorporates herein the foregoing allegations.

96.     Pursuant to the executed commercial offers and communications between the parties, Teligent promised Valdepharm that it would be paid for services rendered and costs incurred for the Phytonadione project.

97.     Teligent knew of or reasonably should have expected that these promises would be relied upon by Valdepharm performing the services requested by Teligent for the Phytonadione project.

98.     Valdepharm did reasonably rely on Teligent's promises as it performed the services requested, including incurring substantial costs so as to obtain requisite materials to perform said services for the Phytonadione project to Valdepharm's detriment.

99.     Valdepharm's reliance on Teligent's promises caused it to suffer a definite and substantial detriment no less than the amount of €494,738.00 plus interest.

## COUNT TEN – PROMISSORY ESTOPPEL
## Zantac Project (Alternatively Pleaded to Count Two)

100.    Valdepharm restates and incorporates herein the foregoing allegations.

101.    Pursuant to the executed commercial offers and communications between the parties, Teligent promised Valdepharm that it would be paid for services rendered and costs incurred for the Zantac project.

102.    Teligent knew of or reasonably should have expected that these promises would be relied upon by Valdepharm performing the services requested by Teligent for the Zantac project.

103.    Valdepharm did reasonably rely on Teligent's promises as it performed the services requested, including incurring substantial costs so as to obtain requisite materials to perform said services for the Zantac project to Valdepharm's detriment.

104.    Valdepharm's reliance on Teligent's promises caused it to suffer a definite and substantial detriment no less than the amount of €511,811.00 plus interest.

## COUNT ELEVEN – QUANTUM MERUIT
## Phytonadione Project (Alternatively Pleaded to Count One)

105.    Valdepharm restates and incorporates herein the foregoing allegations.

106.    In the Phytonadione project, Valdepharm provided significant research to Teligent regarding the development and production of Phytonadione.

107.    Teligent retained the benefit of that research and development but did not provide just compensation to Valdepharm for those services per the invoices attached hereto thereby causing Valdepharm injury.

108.    Teligent has therefore been unjustly enriched as a result of its termination of the Phytonadione project.

109.    Valdepharm hereby demands that it be compensated for Teligent's unjust enrichment related to the Phytonadione project in an amount to be determined by the Court.

## COUNT TWELVE– QUANTUM MERUIT
## Zantac Project (Alternatively Pleaded to Count Two)

110.    Valdepharm restates and incorporates herein the foregoing allegations.

111.    In the Zantac project, Valdepharm provided significant research to Teligent regarding the development and production of Zantac.

112.   Teligent retained the benefit of that research and development but did not provide just compensation to Valdepharm for those services per the invoices attached hereto thereby causing Valdepharm injury.

113.   Teligent has therefore been unjustly enriched as a result of its termination of the Zantac project.

114.   Valdepharm hereby demands that it be compensated for Teligent's unjust enrichment related to the Zantac project in an amount to be determined by the Court.

<u>**RELIEF REQUESTED**</u>

Plaintiff Valdepharm SA, requests that the Court grant the following relief:

a.    Enter judgment in favor of Valdepharm on all Counts;

b.    Award compensatory damages in an amount to be determined at trial, but no less than €1,006,619.02;

c.    Award appropriate pre-judgment and post-judgment interest;

d.    Award attorneys' fees; and

e.    Award such other relief as this Court deems fair and just.


TROUTMAN SANDERS LLP

By: */s/ Amanda Lyn Genovese*
        Amanda Lyn Genovese, Esq.

Dated: December 13, 2018
New York, New York